UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA HOPE MOODIE,

               Plaintiff,

-against-

STATE ATTORNEY GENERAL LETICIA JAMES; ERISA,

               Defendants.

23-CV-10708 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se*, filed this action against New York State Attorney General Letitia James and the federal Employee Retirement Income Security Act ("ERISA"). She invoked federal question jurisdiction and asserted that her rights under the Eleventh Amendment had been violated. On May 22, 2024, the Court dismissed the complaint for failure to state a claim for relief, finding that Plaintiff had failed to comply with Rule 8 of the Federal Rules of Civil Procedure because her assertions were largely incomprehensible. The Court, however, granted Plaintiff 30 days' leave to file an amended complaint to address the deficiencies in her pleading.

      In response to the Court's May 22, 2024 order, Plaintiff submitted two letters to the Court. On June 6, 2024, she filed the first letter in which she asserted the following:

> I, Donna Hope Moodie did not file case #23cv10708 in SDNY court. I entered a case against the AG in the EDNY case #23-cv-06071, wherein my case was dismissed. The dismissal of my complaint is not based pursuant to 28 USC 1915(e)(2)(B), it's being dismissed under 28 USC 1915(e)(2)(A) the allegation of poverty is untrue, because I am legally designated to receive benefits from a financial product owned by my father Marcus A. Moodie who is said to be deceased.

(ECF 6, at 1.) The letter continues with assertions of misconduct by James and others and references to ERISA, the Social Security Act, and *Sharpe v. Califano*, No. 79-CV-1977 (CSH) (S.D.N.Y. filed Apr. 17, 1979).

On June 14, 2024, Plaintiff filed a second letter alleging the following:

> I appeared at SDNY on 6-4-24 [and] wrote a letter to LTS in reference to case #23cv10708 [and] once again someone impersonated me on 6-6-24 [and] filed the same letter. James might be an individual with disabilities that was appointed by the president (Obama) under an executive level V status [and] upgraded her status to executive level I (Attorney General) at the expense of my company Universal Sample Card Company's payroll [and] has been suing me without my knowledge as an employee of my company that's protected by ERISA for individuals that are entitled to such participant [and] beneficiary programs.

(ECF 7, at 1-2.) The letter continues with the observation that Plaintiff's sister, Letitia Chisholm, was a "victim of stolen identification" and Letitia James appears to be impersonating Chisholm. (*Id.* at 2.)

## DISCUSSION

Plaintiff has failed to comply with the Court's May 22, 2024 order directing her to file an amended complaint providing a short and plain statement showing that she is entitled to relief. That order specified that failure to comply would result in dismissal of this action. Instead of filing an amended complaint, Plaintiff has submitted letters indicating that Attorney General Letitia James is impersonating her sister and she is seeking relief in *Moodie v. James*, No. 23-CV-6071 (E.D.N.Y. Dec. 1, 2023), a case that was dismissed as frivolous in the United States District Court for the Eastern District of New York. As Plaintiff's letters do not address, much less cure the deficiencies the Court identified in its May 22, 2024, the Court declines to construe them as an amended complaint. Because Plaintiff has not filed an amended complaint as directed, for the reasons stated in the May 22, 2024 order, the Court dismisses this action.

## CONCLUSION

The Court dismisses this action, as stated in its May 22, 2024 order, for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

2

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: July 10, 2024
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge